**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IZZLIDIN SALEH, on behalf of himself,** | ) | |
| **and all other persons similarly situated,** | ) | |
| **known and unknown,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **A AND I MEDICAL** | ) | |
| **TRANSPORTATION INC.,** | ) | |
| **IBRAHIM TAWALEH, and** | ) | |
| **ELIZABETH MCKITTRICK** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT FOR WAGE THEFT AND RETALIATORY DISCHARGE

Plaintiff Izzlidin Saleh, individually and on behalf of all others similarly situated, known and unknown, as class representative, through his attorneys Gainsberg Law, P.C., upon personal knowledge as to himself, and upon information and belief as to other matters, allege as follows:

## NATURE OF CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.* ("IWPCA"), and Illinois common law retaliatory discharge for Defendants': 1) failure to pay Plaintiffs at the least the federally and/or Illinois-mandated mandated minimum wages for all time worked in violation of the FLSA, the IMWL; 2) failure to pay overtime wages to Plaintiffs in violation of the FLSA and the IMWL; 3) deductions from paycheck for tardiness, customer complaints, traffic and parking violations and

1

failure to timely pay final checks following separation in violation of the IWPCA and; 4) termination of Plaintiff Saleh's employment in retaliation for Plaintiff Saleh's decision to seek medical treatment arising from a work injury as protected under the Workers' Compensation Act 820 ILCS 305 *et. seq.*

2.      Plaintiff Saleh's claims under the FLSA are brought as a collective action, pursuant to 29 USC § 216(b), on behalf of himself and all other similarly-situated employees who were jointly-employed by Defendants in Illinois during the full statute of limitations period (the "FLSA Collective Period"). Plaintiff Saleh and all such other similarly-situated Employees are referred to herein as the "FLSA Collective" in reference to FLSA violation allegations.

3.      Plaintiff Saleh's claims under the IMWL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of himself and all other similarly-situated employees who were jointly employed by Defendants in Illinois during the full statute of limitations period (the "IMWL Class Period"). Plaintiff Saleh and all other such similarly-situated employees are referred to herein as the "IMWL Class" in reference to IMWL violation allegations.

4.      Plaintiff Saleh's claims under the IWPCA, aside from his personal IWPCA regarding unpaid final compensation, are brought as a class action pursuant to FRCP 23 on behalf of himself and all other similarly-situated employees who were jointly-employed by Defendants in Illinois during the full statute of limitations period (the "IWPCA Class Period"). Plaintiff Saleh and all other such similarly-situated employees are referred to herein as the "IWPCA Class" in reference to IWPCA violation allegations.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff Saleh's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over

Plaintiff Saleh's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff Saleh's claims occurred in this judicial district.

6.     Venue is properly placed in this District because the Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

### Plaintiff Izzlidin Saleh

7.     At all relevant times, Plaintiff Saleh resided in Illinois and worked as a non-exempt employee for Defendants transporting clients via automobiles owned by Defendant A&I around the Chicagoland area under the direction and control of Defendants during the applicable statute of limitations period.

8.     Plaintiff Saleh was employed with Defendants with the title of "driver" from on or about March 2017 thru September 21, 2017.

9.     Plaintiff Saleh is a covered employee within the meaning of the FLSA, the IMWL and the IWPCA.

### Defendant A and I Medical Transportation Inc.

10.     Defendant A and I Medical Transportation Inc. (hereinafter "Defendant A&I") is an Illinois corporation providing medical transportation for patients across Chicagoland with its headquarters located at 10661 S Roberts Road, Suite 201, Palos Hills, Illinois 60465.

11.     At all relevant times to this Complaint, Defendant A and I Medical Transportation Inc. met the definition of an "employer" and/or "joint-employer" of Plaintiff and the proposed FLSA Collective, the IMWL class and the IWPCA class under all applicable statutes, including

3

the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and Illinois common law.

## Defendant Ibrahim Tawaleh

12. At all times pertinent hereto, Defendant Ibrahim Tawaleh ("Defendant Tawaleh" or "Mr. Tawaleh") was a resident of this judicial district.

13. At all times pertinent hereto, Defendant Tawaleh was an owner of Defendant A&I. In this capacity, Mr. Tawaleh is involved in the day to day business operations of Defendant A&I and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures.

14. At all relevant times, Mr. Tawaleh acted and had responsibility to act on behalf and in the interests of Defendant A&I in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff minimum wages, an overtime premium as required by the FLSA, IMWL, and IWPCA and the decision to terminate Plaintiff Saleh.

15. At all times hereinafter mentioned, Defendant Mr. Tawaleh was an "employer" and/or "joint-employer" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and Illinois common law.

## Defendant Elizabeth McKittrick

16. At all times pertinent hereto, Defendant Elizabeth McKittrick ("Defendant McKittrick" or "Ms. McKittrick") was a resident of this judicial district.

4

17.     At all times pertinent hereto Defendant McKittrick was named as President of Defendant A&I on the Defendant A&I corporation file detail report on file with the Illinois Secretary of State.

18.     At all times pertinent hereto, Defendant McKittrick was an owner of Defendant A&I.  In this capacity, Defendant McKittrick is involved in the day to day business operations of Defendant A&I and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures.

19.     At all relevant times, Defendant McKittrick acted and had responsibility to act on behalf and in the interests of Defendant A&I in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff minimum wages, an overtime premium as required by the FLSA, IMWL, and IWPCA and the decision to terminate Plaintiff Saleh.

20.     At all times hereinafter mentioned, Defendant McKittrick was an "employer" and/or "joint-employer" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and Illinois common law.

## FACTS

**Defendants Paid Plaintiff Saleh, the FLSA Collective and the IMWL Class Sub-FLSA and Sub-IMWL Minimum Wage for Hours Worked**

21.     At all times relevant, Defendants paid Plaintiff Saleh, the FLSA Collective and the IMWL Class through the following per-trip formula of that failed to satisfy the minimum wage

5

specified under FLSA and the IMWL for hours worked by Plaintiff Saleh, the FLSA Collective and IMWL class.

    a. $10.00 per one way trip under 15 miles

    b. $12.50 per one way trip over 15 miles

### Defendants Failed to Pay Plaintiff, the FLSA Collective and IMWL Class Overtime Premium for All Hours Worked in a Week in Excess of 40 Hours

22.     At all times relevant, Defendants paid Plaintiff Saleh, the FLSA Collective and the IMWL Class through a per-trip formula that failed to include an overtime premium for all hours worked in a week in excess of 40 hours.

23.     At all times relevant, Plaintiff Saleh, the FLSA Collective and the IMWL Class, regularly worked six days per week, 8-10 hours per day transporting typically 5-6 clients per day, with the remaining uncompensated on-call while waiting for assignments.

24.     At all times relevant, Plaintiff Saleh, the FLSA Collective and the IMWL Class were required to pay for their own cellphone to be used for communication with the Defendants in the course of employment without any reimbursement.

### Defendants Exercised Control as Employer of Plaintiff Saleh, the FLSA Collective, IMWL and IWPCA Classes

25.     At all times relevant, Defendants exclusively assigned, dispatched and scheduled client pick ups for Plaintiff Saleh, the FLSA Collection, and the IMWL and IWPCA Classes; set rules and regulations for driver appearance, use of cell-phones by drivers and required prior authorization of leave for drivers; assigned vehicles to drivers, including some vehicles with employer logos; deducted financial penalties against drivers for deduction for tardiness, customer complaints and traffic tickets; exclusively controlled rates for per-trip compensation for drivers; exclusively controlled the marketing and advertising of the driving service provided by drivers,

required drivers to complete log sheets of completed client trips, and tracked and evaluated driver performance through GPS units installed in each car issued to the drivers.

26.     At all times relevant, Plaintiff Saleh, the FLSA Collective and the IMWL and IWPCA Classes were prohibited from soliciting and/or accepting rides for clients independently of Defendants, were not required to invest in their own vehicles and were prohibited from negotiating their own rates with clients.

**Defendants Made Deductions for Tardiness, Customer Complaints and Tickets from the Paychecks of Plaintiffs and the IWPCA Class**

27.     At all times relevant, Defendants made deductions against the paychecks for tardiness, customer complaints and red-light and parking tickets accrued by drivers in the course of transporting patients.

28.     Defendants made at least one deduction against the Plaintiff Saleh's paycheck of around $25.00 for his tardiness.

29.     Defendants made at least one deduction against the Plaintiff Saleh's paycheck of around $25.00 for a customer complaint.

30.     Defendants made at least one deduction against the Plaintiff Saleh's paycheck for a ticket accrued in the course of his transporting a patient.

**Plaintiff Was Terminated by Defendant Talaweh at Mount Sinai Hospital in Retaliation for Seeking Treatment After Being T-Boned on Duty by Offender Running Red Light After Being Called a Child for Seeking Medical Treatment for Injuries**
**FLSA  Collective Allegations**

31.     On September 21, 2017, Plaintiff Saleh was legally and lawfully driving an automobile while on-duty in the employ of Defendants southbound on Washtenaw Avenue at the intersection of Cermak Road, in the City of Chicago, State of Illinois.

32.     At said place and time, Damian Stites was travelling at an excessive rate of speed eastbound on Cermark and ran a red light, striking the vehicle operated by Plaintiff Saleh.

33.     Following the crash, Damian Stites was issued a citation for failing to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601-A.

34.     On October 3, 2017, Damian Stites pled guilty to the aforementioned citation.

35.     As a result of the September 21, 2017, collision Plaintiff Saleh sustained injuries requiring immediate medical attention and was taken by CPD ambulance from the scene of the collision to Mount Sinai Hospital.

36.     After Defendant Talaweh was notified of the collision, he first told Plaintiff Saleh to refuse medical attention, then travelled to Mount Sinai Hospital, where he told Plaintiff Saleh he was a child for seeking medical treatment for his injuries at the hospital and fired him in retaliation for seeking medical treatment for his injuries from the collision and in anticipation of a workers compensation claim.

## FLSA Collective Allegations

37.     Plaintiff Saleh brings Count I and Count II of the Complaint as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of himself and on behalf of all other similarly-situated employees that fall within in the following definition (hereinafter, "FLSA Collective"):

38.     All individuals who were employed as drivers to transport patients in automobiles that do not qualify for the FLSA Motor Carrier Exemption, 29 USC 213(b)(1), for Defendants, in the United States of America during the past three years, ("FLSA Collective Period").

39.     Plaintiff Saleh's consent form to act as representative plaintiff is attached as Exhibit A.

40. At all relevant times, Plaintiff Saleh and the other FLSA Collective plaintiffs were similarly situated, had substantially similar job duties and methods of compensation and are and have been subject to Defendants' common employment policies, programs, practices, procedures, protocols, routines, and rules. Defendants willfully failed and refused to pay the FLSA Collective the minimum wage and at least one and one-half times their regular hourly rates of pay for work in excess of 40 hours per workweek. The claims of Plaintiff Saleh stated herein is invariably the same as those of all the other FLSA Collective Plaintiffs.

41. Count I and Count II are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC 216(b). The FLSA Collective plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants' business and payroll records. Notice can be provided to the FLSA Collective plaintiffs via email, the Internet, and first class mail.

42. At all times relevant hereto, Plaintiff Saleh was an "employee" of Defendants, as defined by the FLSA. 29 USC § 203(e).

43. At all times relevant hereto, members of the FLSA Collective were "employees" of Defendants, as defined by the FLSA. 29 USC § 203(e).

44. At all times relevant hereto, Defendants were the "employer(s)" of Plaintiff Saleh and the FLSA Collective as defined by the FLSA. 29 USC § 203(d).

45. At all times relevant hereto, Defendants were collective a joint-enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 USC § 203(s)(1).

46. During the last three calendar years, each Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

## Rule 23 IMWL/IWPCA Class Allegations

47.     Plaintiff Saleh brings his IMWL/IWPCA claims as Counts III, IV and V, as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly-situated persons who fall within the following definitions:

   a.  "IMWL Class" - All individuals who were employed as drivers to transport patients in automobiles that do not qualify for the FLSA Motor Carrier Exemption, 29 USC 213(b)(1), for Defendants, in Illinois during the past three years (the "IMWL Class Period").
   b.  "IWPCA Class" - All individuals who were employed as drivers to transport patients in automobiles for Defendants in Illinois during the past ten years (the "IMWL Class Period").

48.     The basic job duties of the IMWL/IWPCA Classes were the same as or substantially similar to those of Plaintiff, and the IMWL/IWPCA Classes were paid by Defendants in the same manner and under the same common policies, plans and practices as Plaintiff Saleh. The IMWL/IWPCA Classes, like Plaintiff, have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay minimum wage for all hours worked, or overtime wages for all hours worked over 40 hours each workweek, failing to make payments for all hours worked, making unlawful deductions from paychecks for tardiness, customer complaints and tickets accrued in the course of transporting patients.

## Rule 23 Factors

49.     During the IMWL/IWPCA Classes Period, Defendants were fully aware of the duties performed by Plaintiff Saleh and the IMWL/IWPCA Classes, and that those duties were not exempt from the minimum wage, overtime requirements and other applicable provisions of the IMWL/IWPCA and/or its regulations.

50.     As a result of Defendants' conduct as alleged herein, Defendants violated the IMWL, the IWPCA and/or its regulations with regards to Plaintiff Saleh and the IMWL/IWPCA

Classes. Defendants' violations of the IMWL/IWPCA and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis.

51.     Certification of the IMWL/IWPCA Classes' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's IMWL/IWPCA claims and the IMWL/IWPCA claims of the IMWL/IWPCA Classes.

52.     Plaintiff Saleh has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on members of the IMWL/IWPCA Classes

53.     Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

54.     Certification of the IMWL/IWPCA Classes is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the IMWL/IWPCA Classes and Defendants.

55.     Plaintiff's claims raise questions of law and fact common to the IMWL/IWPCA Classes. Among these questions are:

   a. Whether Defendants employed Plaintiff Saleh and the IMWL/IWPCA Classes members within the meaning of the IMWL/IWPCA;
   b. Whether Defendants failed to pay Plaintiff Saleh and the IMWL Class minimum wage and premium overtime compensation for all hours worked in excess of 40 hours per workweek during the IMWL Class Period;
   c. Whether Defendants made unlawful deductions from the wages of Plaintiff Saleh and the IMWL/IWPCA Classes;
   d. Whether Defendants' violations of the IMWL/IWPCA and/or its regulations were willful.

56.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

11

57.     Plaintiff Saleh is member of the IMWL/IWPCA Classes that he seeks to represent. Plaintiff's claims are typical of the claims of the IMWL/IWPCA Classes. The relief Plaintiff Saleh seeks for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the IMWL/IWPCA Classes.

58.     Plaintiff Saleh has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

59.     The combined interests, experience and resources of Plaintiff Saleh and his counsel to litigate the individual and IMWL/IWPCA Classes claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

60.     The common issues of fact and law affecting Plaintiff's claims and those of the IMWL/IWPCA Classes members, including the common issues identified above, predominate over any issues affecting only individual claims.

61.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the IMWL/IWPCA Classes. There will be no difficulty in the management of this action as a class action.

62.     The cost of proving Defendants' violations of the IMWL/IWPCA and the supporting regulations makes it impracticable for Plaintiff Saleh and the IMWL/IWPCA Classes to pursue their claims individually.

63.     Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.

64.     The claims of the IMWL/IWPCA Classes interrelate such that the interests of the members will be fairly and adequately protected in their absence.

65. Additionally, the questions of law and fact common to the IMWL/IWPCA Classes arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

66. The IMWL/IWPCA Classes are so numerous that joinder of all members is impracticable. While the exact number of the IMWL/IWPCA Classes is unknown to Plaintiff Saleh at the present time, upon information and belief, there are at least 35 similarly-situated persons who were/are employed by Defendants in tipped positions during the IMWL Class Period and the IWPCA Class Period.

67. Courts in the Northern District of Illinois routinely grant class certification in similar cases alleging violations the IMWL. See, e.g., Driver v. AppleIllinois, LLC, 265 F.R.D. 293, 311 (N.D. Ill. 2010) (granting class certification on non-tipped duties claim) and Driver, No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, *15 (N.D. Ill. Mar. 2, 2012) (decertification denied); Clark v. Honey-Jam Cafe, LLC, 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) (same); Johnson v. Pinstripes, Inc., 12 C 1018, 2013 WL 5408657 (N.D. Ill. Sept. 26, 2013) (same); Haschak v. Fox & Hound Rest. Grp., et al., No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012) (same); Schaefer v. Walker Bros. Enters., Inc., 10 6366, 2012 U.S. Dist. LEXIS 65432, *4 (May 7, 2012) (same).

**IMWL Employment Relationships**

68. At all times relevant hereto, members of the IMWL Class, including Plaintiff, were "employees" of Defendants, as defined by the IMWL. 820 ILCS § 105/3(d).

69. At all times relevant hereto, the Defendants were the "employer" of members of the IMWL Class and the Plaintiff, as defined in the IMWL. 820 ILCS § 105/3(c).

**IWPCA Employment Relationships**

13

70.     At all times relevant hereto, members of the IWPCA Class, including Plaintiff, were "employees" of Defendants, as defined by the IWPCA. 820 ILCS § 115/2.

71.     At all times relevant hereto, the Defendants were the "employer(s)" of members of the IWPCA Class and the Plaintiff, as defined in the IWPCA. 820 ILCS § 115/2.

## COUNT I
### 29 USC § 206 FLSA Sec. 206 Violation – Failure to Pay Minimum Wage
### (Plaintiff Saleh and the FLSA Collective Against All Defendants)

72.     Paragraphs 1-71 are re-alleged and reincorporated as though fully set forth here-in.

73.     This Count arises from Defendants' violation of 29 USC § 206 for their failure to pay minimum wages to Plaintiff Saleh and the FLSA Collective.

74.     Defendants failed to inform Plaintiff Saleh and the FLSA Collective of the minimum wage provisions of the FLSA.

75.     Defendants regularly required Plaintiff Saleh and the FLSA Collective to perform work while failing to pay them full minimum hourly wages for that work.

76.     Defendants deducted money for tardiness, customer complaints and tickets from the paychecks of the Plaintiff Saleh and FLSA Collective further bringing the total compensation for Plaintiff Saleh and FLSA below the FLSA mandated minimum wage.

77.     In one or more individual workweeks during the FLSA Collective Period, Plaintiff Saleh and the FLSA Collective's average hourly wages fell below minimum wage.

78.     Defendants were aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective a full minimum wage.

79.     Defendants' willfully violated the FLSA by paying Plaintiffs and FLSA Collective sub-minimum hourly wages (a) without informing them of the minimum wage provisions of the FLSA and (b) while making deductions against their paychecks for their own benefit.

80. 29 USC § 216(b) authorizes following remedies for plaintiffs in relevant part for violations of 29 USC § 206 stating in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. […]

81. 29 USC § 216(b) also authorizes reasonable attorney's fees and costs for plaintiffs for violations of 29 USC § 206 stating in relevant part:

> […] The court in such action shall, in addition to any judgment awarded to the Plaintiff Saleh or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. […]

82. 29 USC § 255(a) sets the statute of limitations period for claims arising from willful violations of 29 USC § 201 et. seq. as three years.

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 USC 201 *et seq*.], the Walsh-Healey Act, or the                              Bacon-Davis                              Act —
>
>> (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, pray for judgment against all Defendants as follows:

> a. Judgment against Defendants jointly and severally, in the amount of the owed minimum wages for all time worked by Plaintiff Saleh and the FLSA Collective for the past three years;
> b. Liquidated damages against Defendants jointly and severally, in an amount equal to the amount of unpaid minimum wages;
> c. Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendants jointly and severally; and
> d. Such other and further relief as this Court deems just and proper.

**COUNT II**
**29 USC § 206 FLSA Sec. 207 Violation – Failure to Pay Overtime**
**(Plaintiff Saleh and the FLSA Collective Against All Defendants)**

83.     Paragraphs 1-82 are re-alleged and reincorporated as though fully set forth here-in.

84.     This Count arises from Defendants' violation of FLSA Section 207 for their failure to pay overtime wages to Plaintiff Saleh and the FLSA Collective.

85.     At all relevant times, Defendants operated under a uniform policy and practice of requiring overtime work but refusing to pay overtime compensation to Plaintiff Saleh and the FLSA Collective.

86.     At all relevant times, Defendants willfully and repeatedly failed to pay Plaintiff Saleh and the FLSA Collective at the required overtime rate of one-and-one-half times their regular hourly rates of pay for hours worked in excess of forty (40) hours per workweek.

87.     29 USC § 216(b) authorizes following remedies for plaintiffs in relevant part for violations of 29 USC § 207 stating in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. […]

88.     29 USC § 216(b) also authorizes reasonable attorney's fees and costs for plaintiffs for violations of 29 USC § 207 stating in relevant part:

> […] The court in such action shall, in addition to any judgment awarded to the Plaintiff Saleh or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of                                  the                                  action.                                  […]

89.     29 USC § 255(a) sets the statute of limitations period for claims arising from willful violations of 29 USC § 201 et. seq. as three years.

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as

amended [29 USC 201 *et seq.*], the Walsh-Healey Act, or the Bacon-Davis Act —

> (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

WHEREFORE, Plaintiff, on behalf of themselves and the FLSA Collective, pray for judgment against Defendants as follows:

a. Judgment against Defendants jointly and severally, in the amount of the owed overtime wages for all time worked by Plaintiffs and the FLSA Collective in the past three years;
b. Liquidated damages against Defendants jointly and severally, in an amount equal to the amount of overtime minimum wages;
c. Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendants jointly and severally; and,
d. Such other and further relief as this Court deems just and proper.

## COUNT III
### Illinois Minimum Wage Law Violation – Failure to Pay Minimum Wage
### (Plaintiff Saleh and the IMWL Class Against All Defendants)

90.    Paragraphs 1-89 are re-alleged and reincorporated as though fully set forth here-in.

91.    This count arises from Defendants' willful violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, et seq., for Defendants' failure to pay Plaintiff Saleh and the IMWL Class all their earned minimum wages.

92.    At all times relevant hereto, the IMWL class, including Plaintiff, were not exempt from the minimum wage provisions of the IMWL.

93.    In one or more individual workweeks, Defendants paid Plaintiff Saleh and the IMWL Class members by a per trip formula that calculated to an hourly rate less than the Illinois minimum wage.

94.    Defendants deducted money for tardiness, customer complaints and tickets from the paychecks of the Plaintiff Saleh and IWML Class further bringing the total compensation for Plaintiff Saleh and IMWL Class below the IMWL mandated minimum wage.

95.     Pursuant to 815 ILCS § 205/2, Plaintiffs and the IMWL Class as creditors are entitled to a five percent (5%) annual interest from time of withholding on all minimum wages unreasonably and vexatiously withheld by Defendants.

> Sec. 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

96.     Pursuant to 820 ILCS § 105/12(a), Plaintiff Saleh and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment, plus reasonable attorney's fees and costs incurred in prosecuting the action.

> Sec. 12. (a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. […] Every such action shall be brought within 3 years from the date of the underpayment.[…]

WHEREFORE, Plaintiff Saleh and the Class pray for judgment against Defendants as follows:

a. Judgment against Defendants jointly and severally, in the amount of all minimum wages due to Plaintiff Saleh and IWPCA Class as provided by the Illinois Minimum Wage Law for the past three years;

b. Prejudgment interest against Defendants jointly and severally, on the back wages due Plaintiff Saleh and IMWL Class in accordance with 815 ILCS § 205/2 and additional damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

c. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law against Defendants jointly and severally; and,

d. Such other and further relief as this Court deems just and proper.

## COUNT IV
### Illinois Minimum Wage Law Violation – Failure to Pay Overtime
### (Plaintiff Saleh and IMWL Classes Against All Defendants)

97.     Paragraphs 1-96 are re-alleged and reincorporated as though fully set forth here-in.

98.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS § 105/4a.

99.     Plaintiff Saleh brings this action on his own behalf and on behalf of the IMWL Class pursuant to 820 ILCS § 105/12(a).

100.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff Saleh and the IMWL Classes worked in excess of forty (40) hours, Plaintiff Saleh and the IMWL Classes were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

101.     Defendants did not pay Plaintiff Saleh and the IMWL Classes one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

102.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff Saleh and the IMWL Classes at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

103.     Pursuant to 815 ILCS § 205/2, Plaintiffs and the IMWL Class as creditors are entitled to a five percent (5%) annual interest from time of withholding on all minimum wages unreasonably and vexatiously withheld by Defendants.

Sec. 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of

payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

104. Pursuant to 820 ILCS § 105/12(a), Plaintiffs and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment, plus reasonable attorney's fees and costs incurred in prosecuting the action.

Sec. 12. (a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. […] Every such action shall be brought within 3 years from the date of the underpayment.[…]

WHEREFORE, Plaintiff Saleh and the IMWL Class pray for a judgment against Defendants as follows:

a. Judgment against Defendants jointly and severally, in the amount of one and one-half times Plaintiff's and the IMWL Class' regular rate for all time Plaintiff Saleh and IMWL Class worked in excess of forty (40) hours per week;
b. Prejudgment interest against Defendants jointly and severally, on the back wages of Plaintiff Saleh and IMWL Class in accordance with 815 ILCS § 205/2 and additional damages pursuant to the formula set forth in 820 ILCS § 105/12(a);
c. Reasonable attorneys' fees and costs of this action as provided by the IMWL against Defendants jointly and severally and;
d. Such other and further relief as this Court deems just and proper.

### COUNT V
### Illinois Wage Payment and Collection Act
### (Plaintiff Saleh and IWPCA Class Against All Defendants)

105. Paragraphs 1-104 are re-alleged and reincorporated as though fully set forth herein.

106. This count arises under the IWPCA, 820 ILCS § 115/1, et seq. for Defendants' deductions against the paychecks of Plaintiff Saleh and the IWPCA Class for tardiness, customer

complaints and tickets accrued during the transportation of patients without their express written consent, freely given.

107.    Defendants' deductions from the paychecks of Plaintiff Saleh and the IWPCA Class members for tardiness, customer complaints and tickets accrued during the transportation of patients violated the IWPCA as these deductions were not for the benefit of the employees and were not made with the express written consent, freely given, of the employees.

108.    Pursuant to 815 ILCS § 205/2, Plaintiffs and the IWPCA Class as creditors are entitled to a five percent (5%) annual interest from time of withholding on all deductions unreasonably and vexatiously withheld by Defendants.

> Sec. 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

109.    The statute of limitations for the IWPCA is 10 years as set forth in 735 ILCS § 5/13-206:

> Ten year limitation.   Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued[…]

110.    Pursuant to 820 ILCS § 115/14(a), Plaintiffs and the IWPCA Class are entitled to recover unpaid wages for ten years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment, plus reasonable attorney's fees and costs incurred in prosecuting the action.

Sec. 14. (a) Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

WHEREFORE, Plaintiffs and the IWPCA Class pray for a judgment against Defendants as follows:

a. Judgment against Defendants jointly and severally, to Plaintiff Saleh and the IWPCA Class in the amount of deductions made against the paychecks of Plaintiff Saleh and the IWPCA Class for tardiness, customer complaints and tickets accrued in the course of transporting patients;

b. Prejudgment interest against Defendants jointly and severally, to Plaintiff Saleh and the IWPCA Class, for deductions from the paychecks of Plaintiff Saleh and IWPCA Class for tardiness, customer complaints and tickets accrued in the course of transporting patients in accordance with 815 ILCS § 205/2 and additional damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

c. Reasonable attorneys' fees and costs of this action as provided by the IWPCA against Defendants jointly and severally; and;

d. Such other and further relief as this Court deems just and proper.

### COUNT VI
### RETALIATORY DISCHARGE
### (Plaintiff Saleh Against Defendant A&I Medical Transportation, Inc.)

111. Plaintiff Saleh incorporates and re-alleges Paragraphs 1-110 of this Complaint as though set forth fully herein.

112. The public policy of Illinois prohibits employer retaliation against workers seeking benefits and rights pursuant to the Illinois Workers' Compensation Act (820 ILCS 305), including the right to seek medical treatment for work injuries at a hospital and is set forth in 820 ILCS 305/4(h) as follows:

(h) It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

113.    Defendants' discharge of Plaintiff Saleh on September 21, 2017 violated Illinois public policy as codified in 820 ILCS 305/4(h) and constituted the tort of retaliatory discharge.

114.    As a direct and proximate result of the retaliatory discharge of Plaintiff Saleh by Defendants, Plaintiff Saleh has suffered damages, including, without limitation, lost income and benefits, emotional distress, damage to his reputation, and loss of employment since September 21, 2017.

115.    Defendant's conduct was willful, wanton, reckless and/or deliberate which justifies imposition of punitive damages.

WHEREFORE, Plaintiff Saleh prays for judgment against Defendant A&I Medical Transportation, Inc. for compensatory and punitive damages, plus court costs and for whatever other relief this court deems just and appropriate.

### COUNT VII
**Illinois Wage Payment and Collection Act Violation – Failure to Timely Pay Final Compensation Following Termination**
**(Plaintiff Saleh Against All Defendants)**

116.    Plaintiff Saleh incorporates and re-alleges Paragraphs 1-115 of this Complaint as though fully set forth herein.

117.    Plaintiff Saleh was paid by Defendants during his employment on a weekly basis.

118.    Following his termination by Defendants, Plaintiff Saleh was told by an agent of Defendant A&I would have to wait more than a month for his final paycheck to include his final compensation.

119.     As of the date of filing, Plaintiff Saleh has not received his final paycheck from

Defendants.

120.     Per 820 ILCS 115/5:

> Sec. 5. Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.

121.     Pursuant to 820 ILCS § 115/14(a), Plaintiff Saleh is entitled to recover unpaid

final compensation, plus additional damages in the amount of two percent (2%) per month of the

amount of underpayment, plus reasonable attorney's fees and costs incurred in prosecuting the

action.

> Sec. 14. (a) Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

WHEREFORE, Plaintiff Saleh prays for a Judgment against Defendants as follows:

a.   Judgment against Defendants jointly and severally, to Plaintiff Saleh in the amount of his final compensation due at time of separation;

b.   Prejudgment interest against Defendants jointly and severally, to Plaintiff Saleh for his unpaid final compensation in accordance with 815 ILCS § 205/2 and additional damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

c.   Reasonable attorneys' fees and costs of this action as provided by the IWPCA against Defendants jointly and severally; and;

d.   Such other and further relief as this Court deems just and proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

GAINSBERG LAW, P.C.


By: ___/s/ Nicholas Kreitman
       Nicholas Kreitman
       Plaintiff's Attorney


Nicholas Kreitman
Gainsberg Law, P.C.
22 W. Washington St., 15th Floor
Chicago, Illinois 60602
(312) 600-9585
nick@gainsberglaw.com